**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**AKOSUA KYEREME-TUAH** :
**10200 Walkerton Lane**
**Oakton, VA 22124** :

**Plaintiff,** :

**v.** :

**UNITED STATES OF AMERICA** :

**Serve: The Honorable Jeff Sessions** :
**Attorney General of the United States**
**Department of Justice, Room 4400** :
**950 Pennsylvania Avenue, N.W.**
**Washington, DC 20530** :

**and** :

**Channing Phillips, Esquire** :
**United States Attorney**
**555 4th Street, N.W.** :
**Washington, DC 20530**
:
**and**
:
**James Domingue, Esquire**
**U.S. Secret Service** :
**Department of Homeland Security**
**245 Murray Lane, S.W., Building T-5** :
**Washington, DC 20223**
:
**Defendants.**
:

**COMPLAINT FOR NEGLIGENCE**
**(Automobile Collision; Negligence)**

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1346(b) as the claims are brought against the United States for money damages, and 28 U.S.C. § 1391, as the cause of action arose in the District of Columbia.

3. On or about July 8, 2015, pursuant to the Federal Tort Claims Act ("FTCA"), Plaintiff filed a claim with the United States Secret Service/United Department of Homeland Security, in connection with an auto accident which occurred at or near 4200 Wisconsin Avenue, N.W., Washington, DC in which the Plaintiff's parked vehicle was rear-ended by a United States Secret Service vehicle.

4. On August 27, 2015, Jeff Scott of the United States Secret Service/Department of Homeland Security, called the office of Plaintiff's counsel, confirmed receipt of Plaintiff's FTCA claim and requested information, medical records, medical bills and other documentation.

5. On or about January 8, 2016, Plaintiff's counsel sent a letter to Jeff Scott, with copies of all medical bills and medical records contained in Plaintiff's file.

6. On or about April 25, 2016, Plaintiff's counsel received a letter from Donna L. Cahill, Chief Counsel of the United States Secret Service, requesting additional information.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030

7. On or about February 17, 2017, Plaintiff's counsel sent a letter and copies of all supporting documentation to James Domingue, Esquire of the United States Secret Service, requesting a phone call to discuss settlement of the Plaintiff's claim.

8. Pursuant to the applicable provisions of the FTCA, Plaintiffs have elected to commence an action pursuant to 28 U.S.C. § 2675(a).

**PARTIES**

9. Plaintiff Akosua Kyereme-Tuah is an adult citizen and resident of the Commonwealth of Virginia.

10. Defendant The United States of America ("Defendant U.S.") is subject to suit under the FTCA for the negligent or wrongful acts and/or omissions of its agents, servants, employees and/or personal service contractors, including but not limited to members of the United States Secret Service/Department of Homeland Security.

11. Upon information and belief, at all relevant times herein, Defendant U.S. and/or the United States Secret Service/Department of Homeland Security.

12. Upon information and belief, at all relevant times herein, the United States of America and/or United States Secret Service and/or United States Department of Homeland Security controlled, and/or owned the vehicle which struck the Plaintiff's vehicle. United States of America and/or United States Secret Service and/or United States Department of Homeland Security is vicariously liable for all acts and/or omissions thereof.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

13. Upon further information and belief, the driver of the vehicle that collided with the Plaintiff's vehicle was an agent, servant, employee and/or personal service contractor of United States Secret Service/United States Department of Homeland Security at all relevant times herein. United States Secret Service/United States Department of Homeland Security is vicariously liable for all acts and/or omissions thereof.

## FACTS

14. Upon information and belief, on April 30, 2015, Plaintiff Akosua Kyereme-Tuah had parked her vehicle in front of Washington Ballet Studio, 4200 Wisconsin Avenue, N.W., Washington, DC, and was waiting in her vehicle to pick up her daughter from ballet.

15. At the same time and place, a United States Secret Service/United States Department of Homeland Security employee, operating his United States government vehicle northbound on Wisconsin Avenue, N.W., rear-ended the Plaintiff's parked vehicle, pushing the Plaintiff's vehicle into the parked vehicle in front of it, injuring the Plaintiff.

## COUNT I
**(Negligence)**

16. Plaintiff incorporates, by reference, paragraphs 1 through 15 and further alleges that at the time of the collision, the driver of Defendant U.S.'s vehicle owed the Plaintiff the duty to operate his vehicle in a safe and prudent manner consistent with the applicable motor vehicle safety and traffic regulations then and there in effect.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

17. Plaintiff further alleges that at the time of the collision in question, Defendant U.S. breached the duty owed to the Plaintiff in some or all of the following respects: in failing to maintain proper control of his motor vehicle; in failing to pay full time and attention to the operation of her motor vehicle; in failing to control speed to avoid a collision; in driving recklessly; and in otherwise failing to adhere to the applicable traffic and motor vehicle regulations then and there in effect.

18. As a direct and proximate result of Defendant U.S.'s negligence, Plaintiff Akosua Kyereme-Tuah suffered severe injuries, including but not limited to, back, neck and facial contusions, back and neck strain, concussion, some or all of which are permanent in nature.

19. As a further direct and proximate result of the negligence of Defendant U.S., Plaintiff Akosua Kyereme-Tuah has incurred, and will continue to incur substantial expenses for medical care and attention, has suffered and/or will continue to suffer a loss of wages and/or of wage-earning capacity, and has suffered and will continue to suffer severe physical pain and mental anguish.

WHEREFORE, Plaintiff Akosua Kyereme-Tuah demands judgment against Defendant United States of America in the full and just amount of Two Hundred Thousand Dollars ($200,000.00), plus costs and interest.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

Respectfully submitted,

REGAN ZAMBRI & LONG, P.L.L.C.

By: */s/ Patrick M. Regan*
Patrick M. Regan #336107
pregan@reganfirm.com
Christopher J. Regan #1018148
cregan@reganfirm.com
1919 M Street, N.W., Suite 350
Washington, D.C. 20036
PH: (202) 463-3030
FX: (202) 463-0667
*Counsel for Plaintiff*